124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles B. KRIEGER and Shirley E. Krieger, Plaintiffs-Appellants,
v.
PINKERTON'S INC., dba Pinkerton Security and Investigation
Services, Defendants-Appellees.
 No. 96-16086.
 United States Court of Appeals, Ninth Circuit.
 Submitted on July 15, 1997.**
Decided Aug. 13, 1997.
 
 1
 Appeal from the United States District Court for the District of Arizona, No. CIV 93-2277-PHX-SMM; Stephen M. McNamee, District Judge, Presiding.
 
 
 2
 Before: FARRIS and TASHIMA, Circuit Judges, and STAGG, Senior District Judge***
 
 
 3
 MEMORANDUM*
 
 
 4
 Charles B. Krieger ("Krieger") brought this suit against Pinkerton's, Inc. ("Pinkerton"), alleging a violation of the Age Discrimination in Employment Act ("ADEA"), breach of contract, breach of covenant of good faith and fair dealing, and a violation of the Nevada Wage Statute. The district court granted Pinkerton's motion for summary judgment on each of these claims. We affirm.
 
 
 5
 We review a district court's grant of summary judgment de novo. Casey v. Lewis, 4 F.3d 1516 (9th Cir.1993). To avoid summary judgment on either his breach of contract or breach of the covenant of good faith and fair dealing claims, Krieger must show that a genuine issue of material fact exists as to whether he was other than an at-will employee of Pinkerton. See Martin v. Sears, Roebuck & Co., 899 P.2d 551 (Nev.1995). The district court found that there was no genuine issue of material fact with respect to this issue and, therefore, granted summary judgment on these claims. Krieger contends that the district court erred on this point because evidence submitted by him in opposition to Pinkerton's motion for summary judgment proves that it was the company's policy to terminate its employees only for "good cause" upon notice of "deficient performance." Appellant's Opening Brief at 10.
 
 
 6
 In Nevada, all employees are presumed to be at-will employees. See Southwest Gas Corp. v. Vargas, 901 P.2d 693, 967 (Nev.1995). An employee may rebut the presumption of at-will employment "by proving by a preponderance of the evidence that there was an express or implied contract of employment that provided for termination only for cause." Id. In the case subjudice, Krieger maintains that it was Pinkerton's general "policy" to terminate its employees only for cause and that this policy effectively modified his at-will employment contract with the company. In support of this allegation, Krieger relies primarily on his own deposition and affidavit and on the deposition of Earl Smith ("Smith"), one of Pinkerton's Executive Vice Presidents. He further insists that this case is analogous to American Bank Stationery v. Farmer, 799 P.2d 1100 (Nev.1990). In Farmer, the plaintiff in a pre-employment interview was explicitly told by the hiring agent for his employer, American Bank Stationery, that "if he did his job adequately he would keep his job but if he did not perform well he would be fired.... That's the way American Bank Stationary operated." Id. at 1102. "Contemporaneously with the[se] express oral promises," the agent "reviewed an employee handbook" with the plaintiff which expressly "stated that an employee could be discharged only for cause." Id. Moreover, the agent "strongly implied that the handbook applied to [the plaintiff]." Id. Based on this evidence, the court held that "[t]he handbook became a part of the oral contract between [the plaintiff] and [American Bank Stationery]." Id. In the present case--unlike in Farmer--Krieger cannot point to a company handbook or written policy that corroborated his asserted "understanding" that he could only be terminated for cause. Moreover, Smith's deposition testimony--the only evidence offered by Krieger other than his own self-serving statements--suggests that although Pinkerton generally only terminated its employees "for cause," this practice in no way impaired its freedom to fire an employee with or without cause at any time.
 
 
 7
 Krieger further submits that certain Pinkerton executives represented to him that the company was committed to the Business Development Program ("BDP") for the long-term and that this representation and/or his reliance thereon modified his at-will employment contract. The Nevada Supreme Court, however, has held that "general expressions of job longevity and advancement ... are not, as a matter of law, sufficient to establish a prima facie case rebutting the at-will employment presumption." Vancheri v. GNLV Corp., 777 P.2d 366, 370 (Nev.1989). Accordingly, Krieger has failed to raise a genuine issue of material fact with respect to the issue of whether he was an at-will employee.
 
 
 8
 Finally, Krieger claims that he was discriminated against on the basis of age in violation of the ADEA. The burden-shifting analysis prescribed by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973), for Title VII claims also applies to claims arising under the ADEA. See Palmer v. United States, 794 F.2d 534, 536 (9th Cir.1986). The district court held that Krieger failed to present a prima facie case of age discrimination because he could not "establish that Pinkerton had a continuing need for the Plaintiff's services and that his duties are still being performed." Appellant's Record Excerpts, Tab E at 13. On appeal, Krieger submits that the district court "ignored ... compelling evidence" tending to prove that Pinkerton discriminated against him on the basis of his age. Appellant's Opening Brief at 18. However, Krieger has still not established that there was another position in the company--other than an entry-level sales position--that he could have been offered after the elimination of the BDP.[1] Accordingly, Krieger has failed to make out even a prima facie case of age discrimination. Nonetheless, he glosses over this point in his brief, maintaining that "a review of the entire factual record reveals that a jury could conclude that age was a motivating factor in the termination."
 
 
 9
 Even assuming, arguendo, that Krieger established his prima facie case, he has not produced sufficient evidence to raise a genuine issue of material fact as to whether Pinkerton's proffered legitimate, nondiscriminatory reason for firing him was pretextual. Pinkerton determined that the BDP was economically unsound and undertook to dismantle the program. Two directors were reassigned to positions within the company similar to the ones that they held before they entered the BDP, albeit at a reduction in pay. Another director was offered early retirement and took it. Pinkerton, however,. could not find a comparable position for Krieger. Therefore, it allowed him to continue to serve as BDP-Aerospace Director for several months even though it had already determined that the program was economically unjustifiable. Finally, although it had no duty to do so, Pinkerton offered Krieger an entry-level sales position--the only position available. Because his acceptance of the sales position would mean a substantial cut in salary, Krieger declined Pinkerton's offer. Thereafter, Pinkerton terminated Krieger's employment. Economics and the company's ongoing reorganization strategy, not Krieger's age, dictated the termination of Krieger's employment.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 It should be noted that under the ADEA, Pinkerton was not required to offer Krieger the entry-level sales position at all. See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1422 (9th Cir.1990) ("When an employer reduces its work force for economic reasons, it incurs no duty to transfer the employee to another position within the company")